## No. 3383.

EMILY J. ROBERTSON v. THOMAS J. EMERSON and GEORGE F. PORTER.

The plaintiff in this case was not a party to the suit in the Fifth District Court, the execu--tion of whose judgment she has injoined. Under the Act of 1870, which organized the Eighth District Court, that court has the power to issue the injunction plaintiff has prayed for. Perhaps, under that statute, she might have applied to the Fifth District Court, but it is thought that she could also seek relief from the Eighth District Court.

APPEAL from the Eighth District Court, parish of Orleans. *Dib--ble*, J. *Wm. Grant* and *Wm. H. Hunt*, for plaintiff and appellee. *O. F. Buck*, curator ad hoc, for G. F. Porter, defendant and appellant.

MORGAN, J. The plaintiff in this injunction was not a party to the suit in the Fifth District Court, nor is she attempting to interfere with the judgment therein rendered. She claims to be entitled to its benefits, and to prevent the plaintiff from executing the same to her prejudice. The act of 1870, which organized the Eighth District Court, gave to that court the power to grant injunctions, but at the same time declared that the act should not be so construed as to prevent any judge or court from issuing an injunction to stay or regulate the execu--tion of any order of seizure granted or judgment rendered by said judge or court. Perhaps, under this statute, she might have applied to the Fifth District Court, but we think she could also seek relief from the Eighth District Court.

Robertson v. Emerson and Porter.

On the merits, we think the reasons of the district judge correct, and, for the reasons assigned by him, the judgment is affirmed.

—————

WYLY, J., *dissenting*.   In this case the question is, had the Eighth District Court jurisdiction to injoin the execution of a judgment of the Fifth District Court?   The solution of this question depends upon the construction to be placed upon section 2 of act No. 2 of the extra session of 1870.   This section provides:   "That the Eighth District Court, hereby created, shall have exclusive jurisdiction in and for the parish of Orleans, to issue writs of injunction, mandamus, quo warranto, and to entertain all proceedings, suits or contestations in which the right to an office, State, parish or municipal, is in any way involved; * · * * * provided, that nothing in this act shall be construed to in any manner limit or affect the right of the Supreme Court of the State of Louisiana to issue, hear and determine any or all writs or orders which, by existing laws, said court has authority to issue, hear and determine; and provided further, that this act shall not be so construed as to prevent any judge or court from issuing an injunction to stay or regulate the execution of any order of seizure granted or judgment rendered by said judge or court."

Now, if the Eighth District Court can stay or regulate the execution of judgments of the Fifth District Court, by the use of the writ of injunction, to that extent the last mentioned court will be limited or restricted in the right to stay or regulate the execution of its own judgments.   Yet, the statute granting the power to the Eighth District Court, expressly provides that the authority granted shall not be so construed as *to prevent* any judge from regulating the execution of his own judgments, by the use of the writ of injunction.

Two courts can not at the same time regulate the execution of a judgment.   If one undertakes to regulate it by employing the writ of injunction, the other must necessarily, for the time being, be prevented from or deprived of the control or regulation thereof.   Otherwise there will be a conflict of jurisdiction, which it was one of the main objects of the statute in question to prevent.

The objects of the act, as expressed in the title, were to create the Eighth District Court, define its jurisdiction, and to "determine the jurisdiction of the existing seven district courts for the parish of Orleans."

Undoubtedly, power is reserved to the other district courts to employ the writ of injunction to stay or regulate the execution of their own judgments; and if the same power is conferred on the Eighth District Court, as my associates seem to interpret the act, it must be a con-

Robertson v. Emerson and Porter.

current power. Yet the statute will be searched in vain to find a grant of concurrent jurisdiction in regard to the right to issue an injunction.

The power is vested exclusively in the Eighth District Court, except in regard to the subject of staying or regulating the execution of the judgments of the other district courts.

In seeking the interpretation of a statute it is proper to take into consideration the object or motive of the law giver in enacting it; also the evil which it was intended to remedy.

At the time the law was passed, the several courts of this parish had authority to issue the writ of injunction; sometimes one court would grant an injunction and another would issue a counter injunction, embarrassing thereby the officers of court and bringing the administration of justice into contempt.

It was the confusion resulting from the concurrent jurisdiction of these courts in this respect, which led to the enactment of the law. This was the evil which the lawgiver sought to remedy.

To accomplish the object it was deemed expedient to create the Eighth District Court and to give it exclusive jurisdiction to issue the writ of injunction, except in regard to the right of staying or regulating the execution of judgments of the other district courts, which right was reserved to each court over its own judgments.

With this object in view, I do not believe the legislature intended to give the Eighth District Court concurrent jurisdiction with regard to the execution of the judgments of the other district courts; because, this would produce a conflict of authority, and, in a measure, defeat the intention of the law.

I therefore dissent in this case.

Rehearing refused.